# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PHAEDRA OLIVETTE GARNES,       *

    Plaintiff,       *

v.       *     Civil Action No.: RDB-17-1430

STATE OF MARYLAND, *et al.*,       *

    Defendants.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Phaedra Olivette Garnes ("Plaintiff" or "Garnes") originally brought this action against Defendants State of Maryland, Maryland Department of Transportation, Maryland Transit Administration ("MTA"), Maryland Transit Administration Police Force (collectively, "Defendants") and fourteen individual police officers, alleging sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and Maryland Humans Relation Act, referred to as the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't §§ 20-601, *et seq.*[1] (Compl., ECF No. 1.) Currently pending before this Court is Defendants' Motion to Dismiss the Amended Complaint.[2] (ECF No. 16.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendants' Motion to Dismiss the Amended Complaint (ECF No. 16) is GRANTED.

---

[1] Plaintiff subsequently filed an Amended Complaint, dropping the individual police officers as defendants. (ECF No. 15.)

[2] Also still pending is Defendants' Motion to Dismiss the Original Complaint (ECF No. 9). This Motion is MOOT.

1

# BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (2011). Plaintiff worked as a police officer at the Maryland Transit Administration ("MTA") Police Force from February 19, 2010 through April 5, 2016. (ECF No. 15 at 8.)[3] At the time she completed her field training, there was another detective, Eric Smith, who was assigned to providing Closed Circuit Television footage during the evening shift. (*Id.* at 9.) Det. Smith often requested Garnes to view the footage in his office rather than at the designated work station. (*Id.*) After Plaintiff began believing that Det. Smith was using the time to "analyz[e] [Garnes] for personal reasons," Garnes expressed to her supervisor at the time, Sergeant Ronald Johnson, that she would rather view the footage at the designated area. (*Id.*) Sgt. Johnson complied with her request. (*Id.*) Afterwards, Plaintiff claims that Det. Smith stopped speaking to her. (*Id.*)

A short time after,[4] Det. Smith was promoted to Corporal and he and Garnes were assigned to the same unit. (*Id.*) Despite acquiring this supervisory role, Plaintiff claims he still refused to speak to her. (*Id.*) In addition, he gave her written reprimands. (*Id.*) During this time, Garnes also claims that Sgt. Johnson "repeatedly expressed interest" to see her before work. (*Id.* at 10.) When she did not reciprocate his advances, he began calling her at home repeatedly and at late hours of the night. (*Id.*) Eventually Garnes wrote a memorandum to her captain, who said that he would submit a document to Human Resources on her behalf.

---

[3] Plaintiff's Complaint does not contain numbered paragraphs.
[4] The Complaint makes very few references to specific dates during the time Plaintiff began working for the MTA Police Force in February of 2010 and when she was terminated in April of 2016.

(*Id.*) In response, Plaintiff claims that Sgt. Johnson became irritated and annoyed with her, and her "work place was very stressful and hostile." (*Id.*) Corporal Smith also continued to direct "negative behaviors" at Plaintiff, including ridiculing her. (*Id.*) When she advised her lieutenant about Corporal Smith and Sgt. Johnson's behavior, Sgt. Johnson was transferred to another unit. (*Id.* at 10-11.) The lieutenant then questioned Corporal Smith in front of Plaintiff about her complaint, and he denied everything. (*Id.* at 10.)

Corporal Smith was then promoted to Sgt. Smith, and thereafter became "vague and less confrontational." (*Id.* at 11.) The negative reviews decreased significantly, and eventually he and Garnes were reassigned to different units. (*Id.*) Plaintiff believes that "actions were silently taken to quell the discrimination. But the incidents were not properly addressed by the Maryland Transit Administration to prevent further discrimination or retaliation." (*Id.*) When Plaintiff began a new assignment with the Southern District, her new supervisor advised her that Sgt. Smith had personally called him and stated negative comments about her. (*Id.*) A year and a half later, Sgt. Smith was also assigned to the Southern District. (*Id.*) Because their last encounter had allegedly resulted in her being labeled "difficult," Plaintiff "chose to remain quiet to avoid any further aggravation and to avoid appearing problematic." (*Id.*) However, "the hostile work environment began again" with Sgt. Smith expressing "differences" about Plaintiff to another lieutenant and ridiculing her. (*Id.*)

In January of 2016, Plaintiff was transferred back to the Northern District. (*Id.* at 12.) Unbeknownst to her at the time, she was the subject of four cases with Internal Affairs, one of which was investigated by the MTA Police Executive Officer to the Chief of Police. (*Id.*) That case allegedly related to Plaintiff's error in a daily log. (*Id.*) The Agency found against

3

Plaintiff. (*Id.*) Plaintiff subsequently appealed the prior Agency decision in the Circuit Court for Baltimore City, which affirmed.[5] (*Id.*)

On February 11, 2016, Garnes filed a Charge of Discrimination with the EEOC, alleging that she was discriminated against based on her sex. (ECF No. 15 at 8; ECF No. 16-2.) One year later, Plaintiff received a notice that the EEOC had investigated her claim and determined that it was "unable to conclude that the information obtained establishes violations of [Title VII]." (ECF No. 1-1.) Accordingly, the notice gave her the right to file a suit within ninety days under federal law in federal or state court. (*Id.*)

On May 24, 2017, Plaintiff filed the instant suit using a *pro se* Complaint for Employment Discrimination form, claiming she was discriminated against because of her sex. (ECF No. 1.) Further, she alleges that as a result of an incident that occurred while she was under Sgt. Smith's supervision on December 22, **2014**, she was ultimately retaliated against by being discharged almost one year and four months later on April 5, **2016**. (*Id.* at 13; ECF No. 15 at 12.) After Defendants filed a Motion to Dismiss (ECF No. 9), Plaintiff filed an Amended Complaint (ECF No. 15). Defendants subsequently filed a Motion to Dismiss the Amended Complaint. (ECF No. 16.)

## STANDARD OF REVIEW

A motion to dismiss for failure to exhaust administrative remedies is governed by Federal Rule of Civil Procedure 12(b)(1), which requires dismissal when the court lacks subject matter jurisdiction. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003); *Clarke v.*

---

[5] Plaintiff was represented by counsel during the appeal. *See also* Civil No. 24C16002647 (Cir. Ct. of Md. for Baltimore City), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=24C16002647&loc=69&detailLoc=CC.

*DynCorp Intern. LLC*, 962 F.Supp.2d 781, 786 (D. Md. 2013). The plaintiff bears the burden to show that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6), which authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Further, a *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into

5

the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendants' Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge and related documents. *See Stennis v. Bowie State Univ.*, 236 F.Supp.3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

Plaintiff brings retaliation, discrimination, and hostile work environment claims pursuant to both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't

6

§§ 20-601, *et seq.* Claims under FEPA are interpreted consistently with Title VII. *Williams v. Silver Spring Volunteer Fire Dept.*, 86 F.Supp.3d 398, 419 (D. Md. 2015) (citing *Chappell v. S. Md. Hosp.*, 320 Md. 483, 578 A.2d 766 (1990)). Defendants' Motion to Dismiss the Amended Complaint argues that (1) Plaintiff fails to allege that the State of Maryland and the Maryland Department of Transportation acted as her "employers" under Title VII and FEPA, (2) the Maryland Transit Administration Police Force is not a legal entity subject to suit, (3) Plaintiff's Title VII claims are time-barred, (4) certain claims are barred by her failure to exhaust administrative remedies, and (5) Plaintiff fails to state a claim upon which relief may be granted. The Reply to Plaintiff's Response to the Motion to Dismiss further asserts that Garnes' Response was untimely and that it did not respond to all of the above arguments, thereby waiving any opposition to dismissal on those grounds.

This Court begins with Defendants' assertions that first, Plaintiff's Response to the Motion to Dismiss was untimely, and second, that by not responding to all of the arguments raised in its Motion to Dismiss, Plaintiff abandoned any opposition to those arguments. Specifically, Defendants' arguments that the MTA Police Force is not a legal entity, her claims are time barred, she failed to exhaust all the necessary administrative remedies, and she has failed to state a claim upon which relief can be granted.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court require a party to file a response in opposition to a motion to dismiss. *See* Fed. R. Civ. P. 12; L.R. 105(a) (providing a 14-day response deadline but not requiring opposing party to file a response); *Pueschel v. United States,* 369 F.3d 345, 353-54 (4th Cir. 2004) (interpreting the United States Eastern District of Virginia's local rule that the "opposing party *shall* file a

7

response brief" as entitling, but not requiring, the district court to dismiss suit on "uncontroverted bases" asserted in unopposed motion to dismiss). An opposition that is untimely or non-responsive in some fashion therefore does not require a district court to dismiss the suit by treating the motion to dismiss as unopposed. *See United States v. Sasscer,* Civ. No. Y–97–3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). Rather, it is within the trial court's discretion to decide whether to reach the merits of a motion to dismiss. *See Pueschel*, 369 F.3d at 354. Garnes, a *pro se* litigant, filed a Response one day after the briefing deadline. The Response lays out additional facts[6] and concludes that she "wish[es] to continue with this civil action." (ECF No. 19 at 3.) In light of the Plaintiff's *pro se* status and in exercising its sound discretion, this Court declines to adopt Defendants' waiver argument. This Court now turns to the merits of Defendants' Motion to Dismiss.

**I.      Claims against the State of Maryland and Maryland Department of Transportation**

Title VII prohibits employers from discriminating against an individual because of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Accordingly, "[o]ne must be an 'employer' within the meaning of Title VII in order to be held liable under th[e] statute." *Bradley v. Balt. Police Dep't*, 887 F.Supp.2d 642, 645 (D. Md. 2012). The only employer Plaintiff references in the Amended Complaint is the Maryland

---

[6] Plaintiff both raises new facts in her Response to Defendants' Motion to Dismiss and also attaches 135 pages of exhibits. Generally, courts may not consider facts alleged outside of the operative pleading or any documents outside of the complaint nor expressly incorporated therein. *Wagner v. Iames*, No. ELH-16-98, 2017 WL 772230, at *16 (D. Md. Feb. 27, 2017) (citing *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013)). Further, however, this Court notes that the additional facts and documentation relate to Plaintiff's alleged union activity and other investigations which are unrelated to her instant claims.

8

Transit Administration Police Force.[7] She alleges no facts regarding the State of Maryland or Maryland Department of Transportation, including how there is a direct employment relationship between her and these Defendants, or any facts for this Court to find an employment relationship under the "integrated employer test." *See Glunt v. GES Exposition Services, Inc.*, 123 F.Supp.2d 847, 874 (D. Md. 2000) (explaining that in the absence of a direct employment relationship, courts apply the "integrated employer test" to determine whether a defendant is an "employer" under Title VII). Accordingly, she has failed to state a claim under Title VII or the MHRA as against these Defendants, and Defendants' Motion is GRANTED as to Defendants State of Maryland and Maryland Department of Transportation, who are DISMISSED as parties in this proceeding.

## II. Claims against the Maryland Transit Administration Police Force

Defendants argue that Plaintiff's claims cannot proceed against the Maryland Transit Administration Police Force because it is not a legal entity that can be sued. Under Federal Rule of Civil Procedure 17(b)(3), whether an entity can sue or be sued is question of state law where the court sits. Fed. R. Civ. P. 17(b)(3). "Under Maryland law, it is well-established that county police departments are agents of the county and not treated as separate legal entities." *LaPier v. Prince George's County, Md.*, No. 10-CV-2581 AW, 2011 WL 4501372, at *3 (D. Md. Sept. 27, 2011); *Taylor v. Leggett*, No. PX-16-115, 2017 WL 1001281, at *2 (D. Md. Mar. 25, 2017). Accordingly, as discussed immediately below, Plaintiff's claims may proceed against the Maryland Transit Administration. However, because the Maryland Transit

---

[7] In her Response to Defendants' Motion to Dismiss, Plaintiff improperly produces new facts concerning these defendants. However, a party cannot defeat a motion to dismiss by raising new allegations in a response to a motion to dismiss. *Elman v. JP Morgan Chase Bank, N.A.*, No. PJM-10-31, 2016 WL 2946176 (D. Md. July 13, 2010). Further, as discussed below, Plaintiff's claims are dismissed on the merits.

Administration Police Force is not a separate legal entity, Defendants' Motion is GRANTED as to Defendant Maryland Transit Administration Police Force, who is DISMISSED as a party in this proceeding.

### III. Claims against the Maryland Transit Administration

As to the remaining Defendant Maryland Transit Administration, construing Plaintiff's Amended Complaint liberally as this Court must under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Garnes has brought claims for hostile work environment, racial discrimination, and retaliation. Plaintiff asserted "sexual harassment" in her Amended Complaint. (ECF No. 15 at 7.) There are two categories of sexual harassment that are generally recognized under Title VII: (1) *quid pro quo* harassment and (2) harassment that creates an offensive or hostile work environment. *Pitter v. Community Imaging Partners, Inc.*, 735 F.Supp.2d 379, 390 (D. Md. 2010). Because Plaintiff does not allege any facts to support a claim under the first category, this Court treats her allegation of "sexual harassment" as a hostile work environment claim. Defendant argues that the claims are time barred, Plaintiff failed to exhaust her administrative remedies, and the Amended Complaint fails to state a claim upon which relief can be granted. This Court addresses these arguments in turn.

### A. Administrative Exhaustion

Before bringing a Title VII discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, Title VII requires that a plaintiff file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the

10

alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[8] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file an action in court. 42 U.S.C. § e-5(f)(1). Finally, a plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Failing to exhaust administrative remedies deprives this Court of subject matter jurisdiction over the claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The Motion to Dismiss asserts both that Garnes failed to file her claim within 90 days of receiving her right to sue letter and that she has not exhausted certain aspects of her claims.

### i. Timeliness of suit

Once a plaintiff receives notice that the EEOC has dismissed a charge and he or she has the right to sue, a plaintiff must file suit within ninety days of receiving the notice. 42 U.S.C. § 2000e-5(f)(1); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir.1995). The right to sue letter, attached to Plaintiff's original Complaint, states that it was mailed on February 22, 2017. (ECF No. 1-1.) The original Complaint stated that February 22 was also the day that Plaintiff received the letter. Accordingly, Defendant argues that Plaintiff filing suit on May 24, 2017 was one day after the May 23, 2017 deadline. However, the Amended Complaint states that Plaintiff received the right to sue letter on February 24, 2017. (ECF

---

[8] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

11

No. 15 at 6.) Therefore, this Court must address whether Plaintiff's Amended Complaint relates back to the original Complaint, making her suit timely.

Federal Rule of Civil Procedure 15(c)(1) provides that "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15. As the United States Court of Appeals for the Fourth Circuit explained, when a party "has been given fair notice of a claim *within the limitations period* and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007) (emphasis in original). In this case, the Amended Complaint asserts claims that, if anything, are narrower than those contained in the original Complaint.[9] Because it asserts nearly identical allegations to those in the original Complaint, no prejudice or unfairness will result from allowing the Amended Complaint to relate back to the date of the original complaint. Furthermore, the right to sue letter itself corroborates that Plaintiff received the letter on February 24, 2017 given that it indicates February 22, 2017 as the date upon which the letter was *mailed* from Chicago to the Plaintiff in Maryland. (ECF No. 1-1.) Holding Garnes' *pro se* pleading to a less stringent standard under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and applying Rule 15(c) liberally, the Amended Complaint relates back to the date of the original Complaint. Therefore, Garnes filed this lawsuit within 90 days of receipt of receiving her notice of the right to sue.

### ii. Exhaustion of administrative remedies

---

[9] Plaintiff dropped her claims under the Americans with Disabilities Act of 1990, codified at 42 U.S.C. §§ 12112, *et seq.* and discrimination claims based on her race and age.

Plaintiff's Amended Complaint states that she believes she was discriminated against on the basis of her gender. As discussed above, "the 'scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents.'" *Sydnor v. Fairfax County, Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)). However, EEOC charges are to be construed liberally; "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). This Court now addresses whether Plaintiff exhausted her administrative remedies for each of her claims.

1. **Retaliation claim**

On the EEOC Charge, Plaintiff indicated that she was discriminated against based on her sex. She did not, however, indicate retaliation either by checking the box marked retaliation or describing retaliation in the particulars of her Charge. Defendant argues, therefore, that Garnes cannot bring a retaliation claim. She does not indicate whether she is claiming retaliation due to her sex or retaliation because she filed her EEOC Charge. Defendant is correct that Plaintiff is barred from bringing the former retaliation claim because she did not allege that in her EEOC Charge. However, a plaintiff need not exhaust *post-charge* retaliation claims. *See Jones*, 551 F.3d at 302 ("[A] plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge."). Therefore, construing Plaintiff's Complaint liberally, to the extent she is bringing a retaliation claim alleging that she was terminated for bringing her

EEOC charge, she has exhausted her administrative remedies.

## 2. Discrimination claim

*However*, the post-charge exception to the exhaustion requirement only applies to retaliation claims. Plaintiff brought her EEOC Charge before being terminated, and never amended the charge or filed an additional one. Accordingly, Plaintiff's discrimination claim is limited to events that occurred prior to her termination, and this Court cannot consider her termination as an adverse employment action for her discrimination claim. *See Johnson v. Giant Food, Inc.,* No. CIV. JFM-00-3465, 2000 WL 1831962, at *3 (D. Md. Nov. 27, 2000), *aff'd sub nom.*, *Muhammad v. Giant Food Inc.*, 108 Fed. App'x 757 (4th Cir. Aug. 12, 2004) ("[The Plaintiff's] 1995 termination was not included in his administrative charge and is barred by his failure to exhaust his administrative remedies within the 300 days of that occurrence.").

## 3. Claims as they relate to Sergeant Johnson

Defendant also argues that Plaintiff is barred from bringing claims as they relate to actions taken by Sgt. Johnson. Plaintiff's Charge only alleged discriminatory acts by her supervisor, Sgt. Smith, asserting that he harassed her in 2013 and again in 2015, and that it was his actions that led to her involvement in at least four internal investigations. Further, she states that she never received an explanation for Sgt. Smith's discriminatory actions towards her. By not mentioning Sgt. Johnson, Defendant asserts that she should be barred from supporting her claims with allegations related to Sgt. Johnson. However, "a reasonable investigation of [Plaintiff's] administrative charge" regarding harassment by Sgt. Smith could have "uncovered the factual allegations set forth" against Sgt. Johnson. Both individuals had

supervisory roles over Plaintiff and she alleges that they committed similar harassing conduct before she sought relief from her captain. (ECF No. 15 at 10.) Accordingly, Garnes' allegations regarding Sgt. Johnson's conduct are not barred by failure to exhaust administrative remedies and this Court will evaluate the merits of her claims by considering her claims as they relate to both Sgt. Smith *and* Sgt. Johnson.

### B. Title VII and Maryland Fair Employment Practices claims

#### i. Retaliation claim

The elements of a Title VII retaliation claim are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010). Here, the protected activity was the filing of the EEOC Charge and the adverse employment action was Garnes' termination. However, Plaintiff alleges no facts to support the third element, a causal link between the filing of her EEOC Charge on February 11, 2016 and her termination on April 5, 2016. In fact, she states that she was terminated on April 5, 2016, for an incident which occurred on December 22, 2014, where her supervisor Sgt. Smith "failed to observe all of the other persons involved." (ECF No. 15 at 12.) Accordingly, she has not made a claim for retaliation sufficient to survive a motion to dismiss and this claim is DISMISSED.

#### ii. Discrimination claim

As the United States Court of Appeals for the Fourth Circuit recently explained in *Swaso v. Onslow County Bd. of Educ.*, No. 16-2347, 698 Fed. App'x. 745 (4th Cir. 2017), a plaintiff may establish a discrimination claim under Title VII by showing direct or

15

circumstantial evidence that the plaintiff's status in a protected class was a motivating factors in an adverse employment action or by relying on the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swaso*, 698 Fed. App'x. at 747 (citing *Holland v. Wash. Homes, Inc.*, 487 f.3d 208, 213-14 (4th Cir. 2007)). Under the *McDonnel Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by showing that (1) she or he is a member of a protected class; (2) her or his job performance was satisfactory; (3) she or he was subjected to an adverse employment action; and (4) "the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination' [which can be] met if 'similarly-situated employees outside the protected class received more favorable treatment.'" *Id.* (quoting *Adams v. Tr. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)); *see also Mackin v. Charles Schwab & Co., Inc.*, No. DKC-16-3923, 2017 WL 4547423, at *3 (D. Md. Oct. 12, 2017) (applying this test to the plaintiff's unequal terms and conditions of employment claim). While a plaintiff does not need to plead a *prima facie* case to survive a motion to dismiss, the plaintiff must meet the ordinary pleadings standard under *Twombly* and *Iqbal*. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015) (explaining that a plaintiff is still "required to allege facts to satisfy the elements of a cause of action" under Title VII).

The United States District Court for the Middle District of North Carolina recently summarized the tension between the United States Supreme Court decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), holding that a plaintiff does not need to plead a *prima facie* case of employment discrimination at the motion to dismiss stage, with the subsequent

holdings in *Iqbal* and *Twombly* that a complaint must include sufficient factual matter to plead a plausible claim. *Johnson v. Lemonds*, No. 1:15-cv-410, 2016 WL 447494 (M.D.N.C. Feb. 4, 2016). The divided opinion in *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015) did little to reconcile this tension when the court explained that the plaintiff's complaint alleged facts "consistent with discrimination," but not enough to "support a reasonable inference that the decision makers were motivated by bias." *Johnson*, 2016 WL 447494, at *3 (quoting *McCleary-Evans*, 780 F.3d at 586 (majority opinion)).

An adverse employment action is one that "'adversely affect[s] the terms, conditions or benefits of the plaintiff's employment.'" *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007) (quoting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)). Plaintiff filed her EEOC Charge on February 11, 2016. (ECF No. 16-2.) Accordingly, under the 300 day rule, her Charge is only timely as to conduct that occurred after April 17, 2015. While failure to timely file an EEOC charge does not deprive this Court of subject matter jurisdiction, it is within the discretion of this Court whether to toll the statutory deadline. *Hentosh v. Old Dominion University*, 767 F.3d 413, 417 (4th Cir. 2014) (citations omitted); *Underdue v. Wells Fargo Bank, N.A.*, No. 16-1762, 684 Fed. App'x. 346 (4th Cir. Apr. 11, 2017) (Mem).

Plaintiff began working with the MTA Police around February of 2010. (ECF No. 15 at 8.) She completed field training "for weeks" and then was released to work on her own. At that time, she began having issues with Sgt. Smith. A "short time later," she began receiving written reprimands. Plaintiff does not give exact time frames for when she received these reprimands. However, even construing the Amended Complaint liberally, Plaintiff's

17

use of the references "for weeks" and "a short time later" cannot be construed to allege that Plaintiff received the reprimands after April 17, 2015. Plaintiff offers no reason why this Court should find that waiver, estoppel, or equitable tolling makes her filing timely for events that her above time references allege occurred *at least* over two years before her filing of the EEOC Charge. Further, written reprimands, by themselves, do not constitute adverse employment actions. *Stoyanov v. Mabus*, 126 F.Supp.3d 531, 543 (D. Md. 2015). Therefore, Plaintiff has not alleged an adverse employment action and she has failed to state a discrimination claim under Title VII. Accordingly, this claim is DISMISSED.[10]

### iii. Hostile work environment claim

To state a claim for hostile work environment, a plaintiff "must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). While hostile work environment claims are also subject to the 300 rule, under the continuing violations doctrine incidents outside of the 300 days period may be timely "'if they relate to a timely incident as a series of separate but related acts amounting a continuing violation.'" *Karim v. Staples*, 210 F.Supp.2d 737, 749 (D. Md. 2002) (quoting *Lambert v. Washington Suburban Sanitary Comm'n*, 93 F.Supp.2d 639, 642 (D. Md. 2000) (internal quotations omitted)). However, at least one act of harassment must fall within the applicable time period. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S.Ct. 2061 (2002).

---

[10] As described above, this Court cannot consider Plaintiff's termination for failure to exhaust her administrative remedies.

Even construing Plaintiff's Complaint liberally, the referenced time frames cannot be read to allege that any acts constituting harassment occurred after April 17, 2015. The interactions with Det. Smith while viewing footage occurred towards the beginning of Garnes' employment in 2010. "A short time later" Det. Smith and Sgt. Johnson began calling Plaintiff's home telephone repeatedly and at late hours of the night. Later in the Complaint, Plaintiff notes that these behaviors occurred in 2011 and 2012. (ECF No. 15 at 12.) Again, Plaintiff offers no reason why this Court should exercise its discretion to equitably toll the 300 day deadline to include events that occurred three and four years before that deadline. *See Jones v. Eaton Corp.*, No. 3:15-cv-04236, 2017 WL 1190873, at *8 (D. S. C. Mar. 31, 2017) (finding that the plaintiff's EEOC charge filed 387 days after the alleged sexual harassment was untimely and equitable tolling did not apply). Thus, Plaintiff's EEOC Charge as it relates to any of the above described actions is untimely.

The only remaining allegations of harassment are Plaintiff's conclusory allegations that her "work place was very stressful and hostile," Corporal Smith and Sgt. Johnson exhibited "aggressive behaviors" and "ridiculed" Plaintiff, and "the hostile work environment began again." These conclusory allegations are insufficient to support a hostile work environment claim. *See Young v. Giant Food Stores, LLC*, 108 F.Supp.3d 301, 311 (D. Md. 2015) ("[C]onclusory allegations do not suffice to state a hostile work environment claim."). Accordingly, Plaintiff's hostile work environment claim also fails and is DISMISSED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Original Complaint

(ECF No. 9) is MOOT. Defendants' Motion to Dismiss the Amended Complaint (ECF No. 16) is GRANTED.

A separate Order follows.

Dated: January 3, 2018

_____/s/_____
Richard D. Bennett
United States District Judge